**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION**

JUAN JOSE CARRILLO                                                                                                    PLAINTIFF
ADC #137485

v.                                                    NO. 1:15CV00113 JLH/PSH

WENDY KELLEY, *et al*.                                                                                             DEFENDANTS

**ORDER**

Juan Jose Carrillo, an inmate in the Arkansas Department of Correction, brings this action against Wendy Kelley, the Director of the Arkansas Department of Correction, James Banks, the Warden of the Grimes Unit, and three correctional officers, alleging that he was placed in a barracks with another inmate who had already attacked him once, and then this same inmate attacked him again. The defendants have moved for summary judgment, asserting that Carrillo failed to exhaust his administrative remedies. They did not specify in their moving papers, however, precisely what was deficient regarding Carrillo's attempt to exhaust his administrative remedies. United States Magistrate Judge Patricia S. Harris concluded that the defendants were arguing that Carrillo did not exhaust his administrative remedies because he failed to appeal the initial decision, which was in his favor, and she recommended that the Court hold that an inmate is not obligated to appeal a grievance decision in his favor in order to exhaust his administrative remedies. The defendants have now objected, arguing that Carrillo did not exhaust his administrative remedies because he did not name any specific defendant in his grievance.

Chief Judge Brian S. Miller has explained:

> The Eighth Circuit recognizes that PLRA exhaustion is not *per se* inadequate merely because a later sued defendant was not named in an ADC grievance. *Bower v. Kelley*, 494 Fed. Appx. 718 (8th Cir. 2012) (per curiam) (unpublished). Indeed, the cases in which the failure to name a defendant requires dismissal are those cases in which the failure to name the defendant in a grievance prevented the ADC from investigating

> the grievance on the merits. For example, in *Burns v. Eaton,* 752 F.3d 1136 (8th Cir. 2014), dismissal was appropriate because the inmate named one officer who pepper sprayed him, but did not name another officer who refused to let him wash the pepper spray out of his eyes. Under those circumstances, the ADC only investigated the pepper spraying because that was the only complaint in the grievance. *Id*. at 1141-42. The ADC acknowledges the link between detailed grievances and its ability to investigate in its administrative directive: "Grievances must specifically name each individual involved for a proper investigation and response to be completed by ADC." Doc. No. 46, Ex. A at 4 (emphasis added).

*Daniels v. Hubbard*, No. 5:14CV00360-BSM, 2015 WL 9222627, at *1 (E.D. Ark. Dec. 17, 2015). Judge Miller added: "The ADC cannot now resurrect a flaw in the grievance procedure after deciding the grievance on the merits." *Id*. (citing *Whatley v. Warden*, 802 F.3d 1205, 1215 (11th Cir. 2015)). The same reasoning applies here. The ADC decided Carrillo's grievance on the merits and therefore cannot now claim that Carrillo did not comply with the grievance procedure.

Judge Harris also recommended that Carrillo's claims against Darryl E. Bryant be dismissed without prejudice. Carrillo has not objected to that recommendation.

After carefully considering the objections and making a *de novo* review of the record, the motion for summary judgment filed by Wendy Kelley, James Banks, James Hill, and Ricky Davis is DENIED. Juan Jose Carrillo's claims against Darryl E. Bryant are dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an *in forma pauperis* appeal from this order would not be taken in good faith.

IT IS SO ORDERED this 16th day of March, 2016.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE